**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 04-20510
Summary Calendar

———————

GENNIE ERNST,

Plaintiff-Appellant,

versus

SUNBELT RENTALS, INC.

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-381
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges

PER CURIAM:[*]

Gennie Ernst appeals the district court's order granting costs to Defendant-Appellee Sunbelt Rentals after granting summary judgment for Sunbelt on the merits of Ernst's claim of discrimination under the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.00-21.128. Ernst appeals the district court's award of $1,125.65 in internal copying costs and cost of a video taped deposition of one of the witnesses.

I.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ernst first improperly argues that this Court's decision in Rachid v. Jack in the Box, Inc., 2004 WL 1427046 (5th Cir. June 25, 2004), should alter the outcome of the appeal on the merits of her discrimination claim, which this court has already heard.  Because this Court has affirmed the district court's grant of summary judgment for Sunbelt, however, 2004 WL 2008951 (5th Cir. Sept. 9, 2004), that issue is not before this court.

## II.

We review a district court's award of costs to the prevailing party for abuse of discretion.  Fogelman v. ARAMCO, 920 F.2d 278 (5th Cir. 1991).  Ernst argues that the district court abused its discretion when it awarded Sunbelt $1,125.65 in internal copying costs after finding that Sunbelt's internal copying costs "necessarily resulted from the litigation" as required by 28 U.S.C. § 1920.  We find that the district court did not abuse its discretion when it made the factual finding based upon Sunbelt's affidavit, that Sunbelt's internal copying costs "necessarily resulted from the litigation."  Further, we hold that allowing Sunbelt to recover $.20 per page was not an abuse of discretion, particularly in light of 5TH CIR. R. 39.1, which permits recoverable reproduction costs of up to $.25 per page.

Second, Ernst argues that the award of the cost of a videotape copy of Beck's deposition was an abuse of discretion because 28 U.S.C. § 1920 only allows the successful party to recover for paper, but not video depositions.  Mota v. University of Texas

<u>Houston Health Science Center</u>, 261 F.3d 512 (5th Cir. 2001). However, Ernst did not present that argument before the district court. Not only did Ernst not cite any legal authority, she also did not mention the distinction between paper and video copies in her objections to Sunbelt's bill of costs. Because Ernst therefore did not raise the argument before the district court "to such a degree that the district court [had] an opportunity to rule on it," it is not properly before this court on appeal. <u>F.D.I.C. v. Mijalis</u>, 15 F.3d 1314, 1327 (5th Cir. 1994).

AFFIRMED.